# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

ARNOLD ARMENTA,

    Plaintiff,

v.                                                                           No. 18-cv-659 JCH-JFR

M. ORTEGA, *et al*,

    Defendants.

## MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiff's *Pro Se* Civil Rights Complaint (Doc. 4). Plaintiff is incarcerated and proceeding *in forma pauperis*. He alleges prison doctors violated the Eighth Amendment by misdiagnosing his dislocated kneecap as arthritis. Having reviewed the matter *sua sponte* under 28 U.S.C. § 1915(e), the Court will dismiss the Complaint but grant leave to amend.

## I. Background[1]

Plaintiff is incarcerated at the Lea County Correctional Facility (LCCF). Between 2009 and 2017, he suffered from knee pain. (Doc. 4 at 5). Plaintiff could not bend his leg at the knee, and the pain and stiffness seriously limited his mobility. *Id.* at 6. LCCF medical officials, including Health Services Administrator Ortega, Dr. Andrade, Dr. Birnbaum, and P.A. Bixenmann, attributed the issues to rheumatoid arthritis. *Id.* at 5. In 2011, Bixenmann provided a walking cane and 6" ace bandages to wrap the knee. *Id.* That same year, Dr. Andrade issued a

---

[1] The background facts are taken from Plaintiff's complaint (Doc. 4). For the limited purpose of this ruling, the Court assumes Plaintiff's allegations are true.

lower bunk pass for "rheumatoid arthritis." *Id.* More recently, Dr. Birnbaum prescribed two arthritis medications, Indocin and Indomethacin. *Id.*

In late 2017, Plaintiff discovered he did not have arthritis, and that his kneecap was actually dislocated. (Doc. 4 at 6). The kneecap was "pop[ped] or snap[ped] back into its original place" which resolved or greatly improved his issues. *Id.* at 6, 8. Plaintiff alleges the failure to properly diagnose his dislocated kneecap was "malicious and sadistic." *Id.* at 6. He contends prison officials "watched him suffer for nine (9) years," and that the dislocated kneecap was visible on an x-ray. *Id.* at 5, 8. Plaintiff contends he suffers from emotional distress, panic attacks, and anxiety "towards the medical units … at … LCCF." *Id.* at 7.

Plaintiff filed the instant Complaint against Ortega, Andrade, Birnbaum, and Bixenmann "for failing to properly diagnose him." (Doc. 4 at 5). Plaintiff styles the pleading as a claim for "excessive force with malicious [and] sadistic intent" under the "Eighth and Fourteenth Amendments." *Id.* at 3. However, there are no allegations that anyone used force against, or even came into contact with, Plaintiff. The Complaint also cites the deliberate indifference standard set forth in *Farmer v. Brennan,* 511 U.S. 825 (1994). The Court therefore discerns Plaintiff intends to raise a claim for deliberate indifference to medical needs in violation of the Eighth Amendment and 42 U.S.C. § 1983. Plaintiff obtained leave to proceed *in forma pauperis*, and the matter is ready for initial review.

## II. Standards Governing *Sua Sponte* Review

Section 1915(e) of Title 28 requires the Court to screen an *in forma pauperis* complaint and dismiss any claims that are frivolous, malicious, or fail to state a claim on which relief may be granted. 28 U.S.C. § 1915(e). The complaint must contain "sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678

(2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

Because Plaintiff is *pro se*, his "pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers." *Hall v. Bellman,* 935 F.2d 1106, 1110 (10th Cir. 1991). While *pro se* pleadings are judged by the same legal standards that apply to represented litigants, the Court should overlook the "failure to cite proper legal authority, … confusion of various legal theories, … poor syntax and sentence construction, or … unfamiliarity with pleading requirements." *Id.* Further, *pro se* plaintiffs should ordinarily be given the opportunity to cure defects in the original complaint, unless amendment would be futile. *Id.* at 1109.

## III. Analysis

The crux of the Complaint is that Defendants misdiagnosed his dislocated kneecap as arthritis. Prison officials can be liable under the Eighth Amendment for "deliberate indifference to a substantial risk of serious harm to an inmate." *Farmer v. Brennan,* 511 U.S. 825, 828 (1994). The deliberate indifference test requires plaintiffs to "satisfy an objective prong and a subjective prong." *McCowan v. Morales*, 945 F.3d 1276, 1291 (10th Cir. 2019) (quotations omitted). The objective prong requires a substantially serious harm such as a "lifelong handicap, permanent loss, or considerable pain." *Garrett v. Stratman*, 254 F.3d 946, 950 (10th Cir. 2001) (quotations omitted). The subjective component is met where "the official was subjectively aware of the risk,' . . . and [then] 'recklessly disregards risk.'" *Wilson v. Falk*, 877 F.3d 1204, 1209 (10th Cir. 2017) (quotations omitted).

The alleged facts here do not indicate that Plaintiff suffered any permanent, serious harm

as a result of the dislocated knee. *See Tello v. Sanchez,* 2016 WL 10588064, * 5 (D.N.M. March 8, 2016) (allegations regarding dislocated shoulder were insufficient to satisfy the "substantial harm" requirement); *Sealock v. Colorado*, 218 F.3d 1205, 1210 (10th Cir. 2000) (A "delay in medical care only constitutes an Eighth Amendment violation where the plaintiff can show that the delay resulted in substantial harm.").

Further, even if Plaintiff could demonstrate substantial harm, he has not alleged facts establishing the subjective component of the deliberate indifference test. The Complaint contains several conclusory statements that Defendants acted maliciously and "intended to keep Plaintiff handicapped." (Doc. 4 at 6). However, elsewhere Plaintiff admits Defendants "failed to properly diagnose" him and provided treatment for the wrong ailment: arthritis. *Id.* at 5. The factual averments, then, demonstrate Defendants negligently misdiagnosed Plaintiff with arthritis and believed he, in fact, had arthritis. The "negligent failure to provide adequate medical care, even one constituting medical malpractice, does not give rise to a constitutional violation." *Perkins v. Kan. Dep't of Corrections*, 165 F.3d 803, 811 (10th Cir.1999). This includes the negligent misdiagnosis of a serious medical condition. *See Self v. Crum,* 439 F.3d 1227, 1232 (10th Cir. 2006). For example, "[w]here a doctor faces symptoms that could suggest either indigestion or stomach cancer, and the doctor mistakenly treats indigestion, the doctor's culpable state of mind is not established, even if the doctor's medical judgment may have been objectively unreasonable." *Id. See also Sealock*, 218 F.3d at 1211 (finding the subjective component was not met when defendant merely misdiagnosed inmate). Defendants' mistaken belief that Plaintiff's knee problems were caused by arthritis, rather than a dislocated kneecap, is therefore not actionable under the Eighth Amendment.

The Court also notes that the result would not change based on Plaintiff's reference to a

"smoking gun" x-ray. (Doc. 4 at 8). It is not clear when the x-ray was taken, and by whom. Construed as a whole, the Complaint appears to suggest that medical providers finally ordered the x-ray in 2017, which led to the correct diagnosis. Even if they waited nine years to place the order, the Supreme Court has held that "[a] medical decision not to order an X-ray, or like measures, does not represent cruel and unusual punishment." *Estelle v. Gamble*, 429 U.S. 97, 107 (1976). To the extent Defendants ordered the x-ray earlier but failed to recognize the dislocated kneecap, such misdiagnosis is still not actionable under the Eighth Amendment. *See Sealock*, 218 F.3d at 1211; *Crum,* 439 F.3d at 1232. The only exception to the negligent-misdiagnosis rule is where the symptoms are so obvious that even a layperson would recognize the need for care. Examples include the failure to treat gangrene, which presents with decaying skin tissue and a foul smell*, see Oxendine v. Kaplan,* 241 F.3d 1272, 1276 (10th Cir. 2001), or the failure to treat chest pains during a heart attack. *See Mata v. Saiz,* 427 F.3d 745, 758 (10th Cir. 2005).

For these reasons, the Court concludes the Complaint fails to state a cognizable claim. The Tenth Circuit counsels that *pro se* prisoners should ordinarily be given an opportunity to remedy defects in their pleading. *See Reynoldson v. Shillinger,* 907 F.2d 124, 126 (10th Cir. 1990) ("[I]f it is at all possible that the party against whom the dismissal is directed can correct the defect in the pleading or state a claim for relief, the court should dismiss with leave to amend."). The Court will therefore dismiss the Complaint but allow Plaintiff to file an amended complaint within thirty (30) days of entry of this Order. If Plaintiff declines to timely file an amended complaint or files an amended complaint that similarly fails to state a cognizable claim, the Court will dismiss the case without further notice.

**IT IS ORDERED** that Plaintiff's Civil Rights Complaint (**Doc. 4**) is **DISMISSED without prejudice** pursuant to 28 U.S.C. § 1915(e); and Plaintiff may file an amended complaint

5

within thirty (30) days of entry of this order.

_____
UNITED STATES DISTRICT JUDGE