IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ARNOLD ARMENTA,

    Plaintiff,

v.                                                    No. 18-cv-659 JCH-JFR

M. ORTEGA, *et al*,

    Defendants.

## MEMORANDUM OPINION AND ORDER

       This matter is before the Court on Plaintiff Arnold Armenta's Amended Civil Rights Complaint (Doc. 21). Plaintiff is incarcerated, appears *pro se*, and is proceeding *in forma pauperis*. He filed the Amended Complaint after the Court screened his original pleading and determined it failed to state a cognizable claim. For the reasons below, the Court finds the Amended Complaint is similarly deficient and will dismiss the case.

       Plaintiff commenced this civil rights action on July 10, 2018. (Doc. 1). He amended the pleading before the matter was screened under 28 U.S.C. § 1915(e). (Doc. 4). For clarity, such filing will be referred to as the Original Complaint. (Doc. 4). The Original Complaint alleged prison officials violated the Eighth Amendment by misdiagnosing his dislocated kneecap as arthritis. (Doc. 4 at 5-6). Plaintiff suffered from pain and stiffness in his knee between 2009 and 2017, and prison doctors provided arthritis treatment, including a walking cane, ace bandages, and medications. *Id.* In 2017, Plaintiff discovered he did not have arthritis, and that his kneecap was dislocated. *Id.* The kneecap was "popped" back into place, which greatly improved his issues. *Id.* at 6, 8. Based on the "fail[ure] to properly diagnose him," Plaintiff asserted claims for deliberate indifference to medical needs under 42 U.S.C. § 1983. *Id.* at 5. Plaintiff named four

Defendants: M. Ortega, Dr. Andrade, Dr. Birnbaum, and Dr. Bixenmann. *Id.*

By a Memorandum Opinion and Order entered February 26, 2020, the Court dismissed the Original Complaint for failure to state a cognizable claim. (Doc. 19). The Court incorporates that ruling into this dismissal Order. The ruling explained that Plaintiff failed to demonstrate any permanent, serious harm as a result of the dislocated knee. *See Sealock v. Colorado*, 218 F.3d 1205, 1210 (10th Cir. 2000). Further, even if Plaintiff did suffer a serious harm, the negligent misdiagnosis of a medical condition does not give rise to a constitutional violation. *See Perkins v. Kan. Dep't of Corrections*, 165 F.3d 803, 811 (10th Cir. 1999) (the "negligent failure to provide adequate medical care, even one constituting medical malpractice, does not give rise to a constitutional violation"); *Self v. Crum,* 439 F.3d 1227, 1232 (10th Cir. 2006) (extending the rule to misdiagnosis of a serious medical condition).

Consistent with *Hall v. Bellmon,* 935 F.2d 1106, 1109 (10th Cir. 1991), Plaintiff was given an opportunity to cure any defects in his original pleading. Plaintiff timely filed an Amended Complaint (Doc. 21). However, the allegations are nearly identical to the Original Complaint. Plaintiff again contends that prison doctors misdiagnosed his dislocated kneecap as arthritis. (Doc. 21 at 2). The Amended Complaint fails to include any new information demonstrating that Defendants recklessly disregarded an obvious medical need. He contends "caretakers … were armed with facts that [P]laintiff's kneecap was not properly aligned," but it is unclear what those facts entail. *Id.* at 6. At most, they knew his leg would not bend at the knee, which could also be a symptom of arthritis. *Id.* To the extent the Amended Complaint references a "smoking gun" x-ray, Plaintiff again fails to specify when the x-ray was taken. *Id.* at 5, 7. As the Court previously noted, the x-ray may have been taken in 2017, which led to the correct diagnosis. (Doc. 19 at 5). And, even if prison doctors waited nine years to place the order, "[a] medical decision not to order

an x-ray, or like measures, does not represent cruel and unusual punishment." *Estelle v. Gamble*, 429 U.S. 97, 107 (1976).

Because the Amended Complaint contains no new facts demonstrating an Eighth Amendment violation, the Court will dismiss all federal claims with prejudice. *See Hall v. Bellmon,* 935 F.2d 1106, 1109 (10th Cir. 1991); 28 U.S.C. § 1915(e)(2)(B)(ii). The Amended Complaint may attempt to raise state law claims for negligence or false imprisonment. Plaintiff uses headings such as "Duty," "Breach," and "Proximate Cause," and he cites the New Mexico false imprisonment statute, N.M.S.A. § 30-4-3. (Doc. 21 at 2-5). The Court declines to exercise jurisdiction over those claims and will dismiss them without prejudice.

**IT IS ORDERED** that Arnold Armenta's federal constitutional claims (Doc. 21) are **DISMISSED with prejudice** pursuant to 28 U.S.C. § 1915(e); any state law claims raised in the Amended Complaint (Doc. 21) are **DISMISSED without prejudice**; and the Court will enter a separate judgment closing the civil case.

_____
UNITED STATES DISTRICT JUDGE